## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**JACKIE RAY PATRICK, #R1507**                                 **PLAINTIFF**

**VERSUS**                      **CIVIL ACTION NO.  2:10-cv-95-KS-MTP**

**CHRISTOPHER B. EPPS, et al.**                             **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On June 16, 2010, this Court entered an order [10] directing the Plaintiff to file a written response to specifically state how each Defendant was involved in the alleged violation of his constitutional rights. Plaintiff was also directed to state what injury, if any, he suffered from the alleged violation of his constitutional rights.  After Plaintiff filed his response [11], each Defendants' involvement and what injury, if any, Plaintiff may have suffered remained unclear. Therefore, on August 5, 2010, a second order [13] directing the Plaintiff to file a written response containing specific information regarding his claims was entered.  This order [13] advised Plaintiff that he did not have to assert any legal arguments or cite cases or statutes in his second response, but he was required to state the facts of his case and describe each Defendants' involvement in the case.  Plaintiff was ordered to file his response on or before August 17, 2010, and he was warned that his failure to comply with the order in a timely manner would result in the dismissal of this case.

On August 20, 2010, Plaintiff filed a motion [17] for an extension of time to comply

with the Court's order [13] of August 5, 2010.  An order [18] was entered on September 1, 2010, granting Plaintiff's motion [17], and he was directed to file his second written response on or before September 20, 2010.  This order [18] also warned Plaintiff that his failure to timely comply with any order of this Court would result in the dismissal of this case without further notice.  Plaintiff failed to comply with the September 1, 2010 order.

On October 26, 2010, an order [19] was entered directing the Plaintiff to show cause, on or before November 9, 2010, why this case should not be dismissed for his failure to comply with the Court's September 1, 2010 order.  In addition, Plaintiff was directed to comply with the Court's order by filing a written response, on or before November 9, 2010. The show cause order [19] warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice. Plaintiff has not complied with the Court's show cause order.

Plaintiff has failed to comply with three court orders and he has not contacted this Court since August 20, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the <u>2nd</u> day of December, 2010.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE